William L. Haluck, Esq. (SBN 80146)
John P. Donovan, Esq. (SBN 131929)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
Phone: (949) 864-3400; Fax: (949) 864-9000
Email: Haluck@knchlaw.com;
John.Donovan@knchlaw.com

Attorneys for Defendants
COUNTY OF ORANGE, *et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW FLEURET, | Case No. SACV07-803 AG (ANx) |
| Plaintiff, | Hon. Andrew J. Guilford, Judge<br>Courtroom 10D |
| v. | **PROTECTIVE ORDER** |
| COUNTY OF ORANGE, ORANGE COUNTY CENTRAL MEN'S JAIL, DEPUTY KOENIG, DEPUTY PADILLA, DEPUTY MI GARCIA, DEPUTY M. WOODRUFF, DEPUTY J. POPP, DEPUTY V. VALDEZ, DEPUTY J. HAND, DEPUTY C. FOSTER, DEPUTY D. GREGOR, DEPUTY C. KNAPP, DEPUTY E. SCHUBERT, DEPUTY R. TORRES, DEPUTY D. KURIMAY, DEPUTY A. PHILLIPS, DEPUTY B HAGERMAN, and DOES 1 to 100, inclusive,<br><br>Defendants. | [RE SECOND AMENDED STIPULATION RE PROTECTIVE ORDER]<br><br>Action Date: 07/12/2007<br>Trial Date:   03/03/2009 |

Pursuant to the Second Amended Stipulation Re Protective Order of the parties filed herewith, it is hereby ordered:

///

123366_1.DOC

1

1.     That the information contained in any of the documents or items produced by defendants County of Orange, Orange County Central Men's Jail [Orange County Sheriff's Department], and/or any and all individual defendants as it relates to the personnel files and/or any and all investigations carried out by the County of Orange and/or the Orange County Central Men's Jail [Orange County Sheriff's Department] into complaints made against the individual defendants, which are stamped "CONFIDENTIAL" and which are documents containing private and confidential information, should not be divulged by any party to this stipulation or by their attorneys, agents, and/or representatives acting on their behalf, including, but not limited to, any expert witness retained by any party or their attorney, to any third party who is not directly involved in the above-captioned action, without the written consent of defendants County of Orange, Orange County Central Men's Jail [Orange County Sheriff's Department], Deputy Koenig, Deputy Padilla, Deputy MI Garcia, Deputy M. Woodruff, Deputy J. Popp, Deputy V. Valdez, Deputy J. Hand, Deputy C. Foster, Deputy D. Gregor, Deputy C. Knapp, Deputy E. Schubert, Deputy R. Torres, Deputy D. Kurimay, Sergeant A. Phillips, and Deputy B. Hagerman, their attorneys, or further order of this Court, and then only for the purposes of trial preparation in the above-captioned action.

2.     That "good cause" exists to grant this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) in that the information, which is the subject of this Protective Order, is privileged.  Federal common law "recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).  Government personnel files "are considered official information [citations omitted]." *Sanchez v. City of Santa Ana*, 936 F.2d at 1033. The *Sanchez* Court stated, "to determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033-1034.

123366_1.DOC

1  The benefit of allowing the public to view confidential personnel files would be minimal while the disadvantages are numerous. For example, investigating officers would be less willing to provide harsh and honest criticism of other officers if that criticism is published and mistaken by the public as a conviction of guilt, such disclosure to the public of personnel files would have a chilling effect on internal investigations since criticism of otherwise exemplary officers could be misconstrued by the public. In *Sanchez*, the court noted that opening officer personnel files for a general search "would impact disciplinary procedures within the [police department]." *Sanchez v. City of Santa Ana*, 936 F.2d at 1034. Moreover, officers might have information from their personnel files used against them in seeking future employment; an officer's family might be endangered by the disclosure of information that could show the officer's personal information such as address and phone number; and such disclosure might subject the officers to embarrassment and unfair public ridicule by publishing psychological, medical, and performance evaluations.

In consideration of opposing counsel's need for the officers' personnel records, defendants have produced such documents for the limited purposes of this litigation; however, the public does not have the same interest in viewing these documents. Thus, "good cause" exists under *Sanchez* since the disadvantages of disclosing the personnel files to the public clearly outweigh any possible benefit. Therefore, these government personnel files, which are the subject of this Protective Order, are privileged and should not be disclosed for any reason other than the limited purpose of litigation in this case.

3. That no party to this action, their attorneys, experts, agents or representatives will make copies or other type of reproductions of any of the documents described above (or such other confidential documents) without stamping all such copies "CONFIDENTIAL" and keeping a log of all copies made, to whom they were disseminated, and when they were returned to the disseminating

1  party. All such copies made must be maintained and protected pursuant to the same
2  rules as the originally produced documents referenced in this Agreement. All such
3  copied "CONFIDENTIAL" documents shall be stored and/or handled in a manner,
4  which will prevent the unauthorized disclosure thereof.

5      4.    That all of the documents described above (or such other confidential
6  documents) produced by defendants County of Orange, Orange County Central
7  Men's Jail [Orange County Sheriff's Department], Deputy Koenig, Deputy Padilla,
8  Deputy MI Garcia, Deputy M. Woodruff, Deputy J. Popp, Deputy V. Valdez,
9  Deputy J. Hand, Deputy C. Foster, Deputy D. Gregor, Deputy C. Knapp, Deputy E.
10 Schubert, Deputy R. Torres, Deputy D. Kurimay, Sergeant A. Phillips, and Deputy
11 B. Hagerman, through their attorneys, and any copies, lists or summaries thereof,
12 shall be returned to defendants immediately after the trial and/or other final
13 resolution of the above-captioned action, unless same are introduced as evidence or
14 exhibits at the time of trial subject to the terms of paragraph 6 or any other order of
15 the Court at the time of trial which involves the disposition of documents submitted
16 into evidence at trial.

17     5.    That counsel for the respective parties will not produce and/or disclose
18 any documents described above or the contents thereof to counsel for any other
19 party herein (or the experts, consultants, agents, and/or representatives of any other
20 party herein) who have not agreed in writing to be bound by the terms of this
21 Protective Order or one which is substantially similar thereto. Any person
22 (including experts, consultants, agents and/or representatives) that receives any
23 documents marked "CONFIDENTIAL" that are the subject of this Order shall,
24 before he/she may review the documents must sign an Agreement that expressly
25 binds them to the terms of this Protective Order.

26     6.    That counsel for the respective parties will not produce and/or disclose
27 any documents described above or the contents thereof to any other counsel,
28 claimant, person, or individual not connected with this case (or the experts,

1 consultants, agents, and/or representatives of any such counsel, party, person or
2 individual) without the written consent of counsel for the defendants.

3     7. That counsel for the respective parties will not reference, post,
4 download, or in any other fashion publish any information from the aforementioned
5 confidential documents on any websites, advertisements, promotional literature, or
6 similar documents used for the purposes of promoting ones practice, without the
7 express written consent of both defendants and counsel for the defendants.

8     8. Inasmuch as this Protective Order is being entered into in an effort to
9 facilitate discovery in the instant action and the purpose of this Protective Order is,
10 in part, to maintain the confidentiality of the information sought, counsel agree that
11 there will be no release of any videotaped deposition footage to any other entity,
12 counsel, person, claimant, or individual including, but not limited to, news
13 organizations. It is the intent of the parties in entering into this Protective Order to
14 maintain the confidentiality of the information subject hereto, and to allow for the
15 disclosure of the information for the purposes of the instant lawsuit only.

16     9. That a copy of this Order shall be delivered by attorneys for plaintiff to
17 each person, expert, agent, representative, or consultant who is permitted by any
18 attorney for plaintiff to view, examine, peruse, or otherwise inspect the documents
19 described above (or such other confidential documents) in connection with the
20 above-captioned action, and each said person is bound by this Order.

21 **IT IS SO ORDERED.**

22

23 DATED: Jan. 5, 2009

    _____      /s/ ARTHUR NAKAZATO
24      HON. ARTHUR NAKAZATO
     United States Magistrate Judge
25

26

27

28